IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE A. GLENN, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-15-1834 |
| WARDEN C. MAIORANA, | : (Judge Brann) |
| Respondent | : |

**MEMORANDUM**

November 6, 2015

**Background**

Dwayne A. Glenn, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Canaan Warden C. Maiorana. The required filing fee has been paid. Service of the petition has not been ordered.

Petitioner states that he plead guilty to possession with intent to distribute heroin in the United States District Court for the Southern District of Ohio. According to the Petition, he was sentenced on May 8, 2013 to serve a 48 month term of incarceration with 3 years of supervised release. See Doc. 1, p. 4. Glenn's

pending action does not challenge the legality of his guilty plea or sentence.

Rather, Petitioner states that while serving his federal sentence, the Federal Bureau of Prisons (BOP) determined that although Petitioner could participate in the Residential Drug Abuse Treatment Program (RDAP) he would not be eligible for a one year sentence reduction if he successfully completed the program.

The RDAP has two components, a five hundred (500) hour classroom program and a transitional services portion which is completed in a halfway house. Upon completion of both segments, the inmate applicant is eligible for a one (1) year sentence reduction. Although Petitioner indicates that he successfully completed the classroom program component of the RDAP on August 13, 2015, he is ineligible for the one year sentence reduction.

Specifically, Petitioner asserts that he was informed by the BOP that although he could participate in the RDAP he would not be eligible for a sentence reduction "because he received a two-point sentence enhancement under the Federal Sentencing Guidelines of possession of a firearm in connection with his drug conviction."[1]  Doc. 1, p. 4.

Petitioner additionally asserts that the exhaustion of administrative remedies requirement should be waived in his case on the basis of futility. As relief, Glenn

---

[1] Glenn does not dispute that he was in possession of a firearm.

seeks his immediate placement in a pre-release placement in a Residential Reentry Center ("RRC") "for the completion of the RDAP."  Doc. 1, p. 1.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge

3

the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

As discussed above, habeas corpus relief is limited to issues which impact the fact or length of detention. Even upon a prisoner's successful completion of the RDAP, the granting of an RDAP sentence reduction is discretionary and may even be revoked by the BOP. In Hickerson v. Willingham, 2006 WL 3422186 * 3 (D. Con. Nov. 28, 2006) the district court, citing Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997), held that "denial of early release following completion of the RDAP does not deny an inmate a liberty interest protected under the due process clause." The district court noted that there was no double jeopardy or due process violation because the denial of early release only caused the inmate to serve the sentence which had been previously imposed.

The United States Court of Appeals for the Third Circuit in Beckley v. Miner, 125 Fed. Appx. 385, 388 (3d Cir. 2005) similarly stated even if the RDAP

is "completed to perfection", the BOP still has "complete discretion to require petitioner to serve his full sentence." The United States Court of Appeals for the Fifth Circuit similarly held that when an eligible prisoner completes the RDAP, the BOP has the authority "but not the duty" to reduce the term of imprisonment." Richardson v. Joslin, 501 F.3d 415, 420 (5th Cir. 2007).

Richardson added that since there was no entitlement to a sentence reduction upon successful RDAP completion, the failure to reduce an inmate's sentence was not a deprivation of a protected liberty interest. See also, Fanning v. Patton, 2007 WL 2979927 *5-6 (E.D. Ky. Oct. 11, 2007)(because a prisoner does not have a liberty interest in a reduced sentence, denial of early release upon successful completion of RDAP is not actionable). Since the BOP had discretion to revoke the RDAP sentence reduction at any time, even if there was successful completion of the RDAP by Petitioner, he still did not have a protected liberty interest or a reasonable expectation to a one (1) year RDAP sentence reduction. See Douvos v. Quintana, 382 Fed. App'x 119, 122 (3d Cir. 2009); Hinojoza v. BOP, 2014 WL 2003035 *3 (N.D. Ohio May 14, 2014)("early release as a result of RDAP participation is not guaranteed").

Pursuant to the above discussion, the Petitioner is not entitled to federal habeas corpus relief. An appropriate Order will enter.

BY THE COURT:


  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge